**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-01490-RM-MJW

BRYAN KOENIG,

      Plaintiff,

v.

TERRY E. THURMSTON, in their individual capacity,
JENNENE SCOTT, in their individual capacity, and
JODI GERMANO, in their individual capacity,

      Defendants.

---

## ORDER

---

This matter is before the Court on the April 10, 2015 Recommendation of United States Magistrate Judge Michael J. Watanabe (the "Recommendation") (ECF No. 51) to dismiss Plaintiff's Amended Complaint (ECF No. 30), grant Defendant Jodi Germano's motion to dismiss (ECF No. 38), and grant Defendants Terry Thurmston as well as Jennene Scott's ("City Defendants") motion to dismiss (ECF No. 39). The Recommendation is incorporated herein by reference. 28 U.S.C § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 51 at 17-18.) Despite this advisement, no objections to the Recommendation have, to date, been filed by either party. (*See generally* Dkt.)

The Court concludes that Magistrate Judge Watanabe's analysis was thorough and sound, and that there is no clear error on the face of the record.[1,2]  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also* *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of [a] timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation is therefore, adopted.

In accordance with the foregoing, the Court:

(1)    ADOPTS Magistrate Judge Watanabe's Recommendation (ECF No. 51) in its entirety;

(2)    GRANTS Defendant Germano's motion to dismiss (ECF No. 38);

(3)    GRANTS City Defendants' motion to dismiss (ECF No. 39); and

---

[1] Plaintiff's First Amended Complaint asserts that it is "brought pursuant to 42 USC, [sic] 1983, 1985, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. . . ." (ECF No. 30 ¶ 1.)  Plaintiff's First Amended Complaint does not specify particular claims against Defendants.  (*See generally* ECF No. 30.) Magistrate Judge Watanabe recommended granting Defendants' motions to dismiss without addressing the particular statute or amendment to the Constitution (with the exception of Plaintiff's 42 U.S.C. § 1985 claim) under which he was dismissing Plaintiff's claims.  (*See* ECF No. 51 at 7-18.)  City Defendants move to dismiss Plaintiff's First Amended Complaint in its entirety.  (*See* ECF No. 39.)  Defendant Germano moves to dismiss Plaintiff's First Amended Complaint in its entirety.  (*See* ECF No. 38.)  Plaintiff's Fourteenth Amendment claim under Section 1983 must be dismissed as it is redundant of the rights guaranteed by the more specific Fourth Amendment.  *See Albright v. Oliver*, 510 U.S. 266, 273 (1994); *see also Guinn v. Unknown Lakewood Police Officers*, Case No. 10-CV-00827-WYD-CBS, 2010 WL 4740326, at *11 (D. Colo. Sept. 30, 2010) *adopted in* 2010 WL 4740316, at *2 (D. Colo. Nov. 16, 2010).  42 U.S.C. § 1988 does not provide a cause of action.  *See generally* 42 U.S.C. § 1988.  Rather 42 U.S.C. § 1988 dictates when federal courts adjudicating federal civil rights laws should apply state law.  *Karnes v. SCI Colo. Funeral Servs., Inc.*, 162 F.3d 1077, 1079-80 (10th Cir. 1988) (citation omitted).  Thus, Plaintiff's 42 U.S.C. § 1988 claim must be dismissed.

[2] In Plaintiff's response to Defendants' motions to dismiss, Plaintiff requests leave to amend his First Amended Complaint.  (ECF No. 46 at 3.)  Such a request is not properly before the Court in such a procedural posture.  D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."); *see, e.g., Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010); *see Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (holding that a response to a motion to dismiss is insufficient to be construed as a request amend a complaint).

     (4)     DISMISSES WITH PREJUDICE Plaintiff's First Amended Complaint (ECF No. 30).

     DATED this 5th day of May, 2015.

     BY THE COURT:

     RAYMOND P. MOORE
     United States District Judge